# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND
### (SOUTHERN DISTRICT)

DOMA TITLE INSURANCE, INC.           *

                Plaintiff           *

          v.           *           Civil Case No. 8:22-cv-0056-PJM

AVANCE TITLE, LLC, *et al.*           *

             Defendants           *

## MEMORANDUM OPINION

This is a case concerning allegations that a contractor to an insurance company failed to comply with all the contractual obligations it owed to the company on whose behalf it acts. Pending before the Court is Plaintiff, Doma Title Insurance, Inc.'s, Motion to Compel Responses to its Interrogatories and Requests for the Production of Documents. ECF No. 20. Although the parties raise concerns regarding multiple Interrogatories and Requests, the disputes between the parties are generally three: 1) whether Defendant Avance Title, LLC, and two of its employees, Defendant Arturo Vasquez, and Defendant Soledad Herrera's objections to Plaintiff's Requests for Production and Interrogatories are stated with sufficient particularity; 2) whether Defendants may limit their interrogatory responses and document productions only to those transactions specifically identified in the Complaint and the communications that occurred after the Complaint was filed; and 3) whether Plaintiff's Requests for Production and Interrogatories are proportional to the needs of the case.

Although I agree with Plaintiff that Defendants' discovery responses are insufficiently particular, given the potentially broad nature of Plaintiff's requests and the time remaining before fact discovery closes, good cause exists to allow Defendants to supplement their objections. In

responding, Defendants should recognize that their current proposed limitations on discovery do not accord with the scope of the case.  Once Defendants have stated with particularity any objections they continue to maintain, Plaintiff shall consider narrowing its Requests and Interrogatories in accordance with the directions provided below and any bases stated in Defendants' amended objections.  Defendants shall then produce any documents or provide any interrogatory responses to the Requests or Interrogatories as amended, if appropriate. Accordingly, for the reasons stated and discussed further below, Plaintiff's Motion to Compel is GRANTED, in part, and DENIED, in part.

## BACKGROUND

Plaintiff Doma Title Insurance, Inc. (Plaintiff) is a South Carolina-based corporation that provides title insurance in Maryland, among other states.  ECF No. 1, at 1; DOMA, Find an Office, https://www.doma.com/find-an-office/.  As part of its work, Plaintiff contracted with Defendant Avance Title LLC, a Virginia-based corporation to conduct certain business on its behalf, including the receipt and processing of applications for title insurance.  ECF No.1, at 2.

According to the Complaint, Plaintiff and Avance's business relationship was governed by a written agreement (the "Agreement") which set out obligations and responsibilities for each party.  ECF No. 1, at 2.  Among other things, Avance agreed to: 1) receive and process applications for title insurance in a "timely, prudent, and ethical manner[,]" *id*.; 2) abide by accounting principles Plaintiff requires regarding the collection and distribution of funds, *id*. at 3; 3) "[c]omply with all bulletins, manuals and other instructions furnished to [Avance] in writing, by facsimile or other electronic transmission by [Doma,] *id*.;" 4) "obtain and keep in full force" an Errors and Omissions Policy in a "sum of not less than $1,000,000.00, with a deductible of no more than $10,000.00[,] *id*."  The Agreement also contains other provisions related to the parties' rights and

2

responsibilities in case of a shortage of funds and Avance's liability in case it breached its obligations. *Id*. at 3-4.

Plaintiff alleges that during an investigation of Avance, Plaintiff discovered that Avance had failed to comply with all of its contractual obligations. *Id*. at 5. Specifically, Plaintiff alleges that Avance conducted certain refinance transactions related to properties owned by a third party, Monster Investments, Inc., during which Avance was allegedly required to provide a separate entity, IFP Fund I, LLC, with first priority deeds of trust related to those properties. *Id*. However, instead of paying the then-first priority deeds of trust, and recording the deeds as such, Avance allegedly used the funds acquired for other unstated purposes. *Id*. at 6. Altogether, Plaintiff identifies five specific transactions, relating to eighteen separate properties, that may have been conducted, as such, in violation of the Agreement's terms. *Id*. at 5-7. Additionally, Plaintiff alleges that while working for Avance in a fiduciary capacity, Defendants Arturo Vasquez and Soledad Herrera improperly diverted funds from three escrow accounts Avance maintains related to business it conducts for Plaintiff. *Id*. at 6. Importantly, while the Complaint focuses on these transactions, it further states: "[u]pon information and belief, Doma expects to receive additional claims arising out of real estate transactions handled by Avance." *Id*. The Complaint continues:

> Following discovery of the escrow shortage, Doma requested that all books and records, including all title policies and commitments of Avance, be made available for inspection by Doma, and further that all funds of Avance be frozen pending the investigation by Doma. In order to protect Doma, its insureds and customers of Avance, it is necessary to have the accounts of Avance frozen pending the investigation by Doma.

*Id*. at 6-7.

Relying on these allegations, the Complaint advances six separate counts. Under Count I, Plaintiff seeks an action for accounting. As part of such, Plaintiff states that "to adequately

determine the scope of the discrepancy above, Avance must be required, both as an equitable matter and in compliance with his obligations set forth in the [A]greement, to submit to an accounting of all income and expenses." *Id*. at 7.  Count II alleges that Defendants' actions described above violate the terms of the Agreement previously referenced.  *Id*. at 8.  Count III alleges that the actions described above constitute a breach of fiduciary duty Defendants owed Plaintiff.  *Id*. at 8-9.  Counts IV and V, respectively, seek injunctive relief against and indemnification by Defendants, on account of the deficiencies identified above.  *Id*. at 9-12. Finally, Plaintiff alleges that the actions described above constituted illegal conveyances of property in violation of Virginia state law.  *Id*. at 12-13.  As part of such, Plaintiff alleges that "Avance engaged in a series of transactions totaling no less than $3,052,000.00." *Id*. at 12.

On January 10, 2022, Plaintiff filed the Complaint referenced above, including the allegations discussed.  ECF No. 1.  On February 8, 2022, Defendants answered the Complaint denying several of the allegations therein.  ECF No. 14.  On February 16, 2022, Plaintiff propounded written discovery requests to Defendants Avance Title, LLC, Arturo Vasquez, and Soledad Herrera, including a separate set of Interrogatories to each Defendant and one set of Requests for Production of Documents to all Defendants.  ECF No. 20-1, at 2.  Defendants provided their discovery responses and initial document production to Plaintiff on March 22, 2022. *Id*.

On May 5, 2022, Plaintiff filed a motion to compel responses to the following Requests for Production:

- <u>RFP No. 13:</u> Any and all documents containing or concerning communications between you and any of the following persons concerning allegations in the Complaint: a) any party to this case; any employee, representative, or agent of a party to the case; c) any employee,

representative, or agent of Monster Investments, Inc.; d) any employee representative, employee, or agent of IFP Fund I, LLC; and e) any third party.

- <u>RFP No. 29:</u> Any and all documents concerning the allegations in the Complaint.

- <u>RFP No. 39:</u> Any and all communications between you and Plaintiff.

In response to each of these requests, Defendants asserted that the requests were overly broad because they were not "proportionally tailored" to the claims and the defenses in the case. *Id*. at 3-4. Accordingly, instead of producing any documents related to the allegations in the Complaint, Defendants limited their responses to only those transactions specifically discussed in the Complaint. *Id*.

The same Motion to Compel also expressed concern regarding Defendants' responses to the following Interrogatories:

- <u>Interrogatory No. 3:</u> Identify and describe all communications between or among Vasquez, Herrera, and/or any other employee, representative, agent, or attorney of Avance concerning the allegations in the Complaint, stating for each: (a) the date and time of each such contact and/or communication; (b) identify (as defined in the instructions) all persons involved in each such contact and/or communication; (c) the circumstances of each such contact; and (d) the form and substance of each such communication.[1]

- <u>Interrogatory No. 4:</u> Identify and describe all communications between Monster Investments, Inc. (or any employee, representative, agent, or attorney of that entity), and Avance (or any employee, representative, agent, or attorney of Avance, including but not limited to Vasquez and Herrera) concerning the allegations in the Complaint, stating for

---

[1] The Interrogatories issued to Defendants Vasquez and Herrera numbered this specific interrogatory as Interrogatory No. 4. For the purposes of this Opinion, I will only reference the Interrogatory to Defendant Avance as the Interrogatories are identical in substance.

each: (a) the date and time of each such contact and/or communication; (b) identify (as defined in the instructions) all persons involved in each such contact and/or communication; (c) the circumstances of each such contact; and (d) the form and substance of each such communication.[2]

- <u>Interrogatory No. 7</u>: Identify and describe all communications between Avance (or any employee, representative, agent, or attorney of Avance, including but not limited to Vasquez and Herrera) and any person, entity, governmental entity, agency or department, or quasigovernmental entity, or agency or department, not previously identified, concerning the allegations in the Complaint, stating for each: (a) the date and time of each such contact and/or communication; (b) identify (as defined in the instructions) all persons involved in each such contact and/or communication; (c) the circumstances of each such contact; and (d) the form and substance of each such communication.[3]

In response to each of these interrogatories, Defendants limited their responses to communications that occurred after Plaintiff's filing of the Complaint, without any explanation as to the basis for this limitation. *Id*. at 4-6. Defendants also refused to produce some additional documents based on assertions of attorney-client privilege. *Id*. The assertions of privilege and any documents covered by the privilege are not a subject included within Plaintiff's Motion to Compel.

On June 21, 2022, this case was referred to my Chambers for all discovery and related scheduling matters. ECF No. 28.

---

[2] The Interrogatories issued to Defendants Vasquez and Herrera numbered this specific Interrogatory as Interrogatory No. 5. For the purposes of this Opinion, I will only reference the Interrogatory to Defendant Avance as the Interrogatories are identical in substance.

[3] The Interrogatories issued to Defendants Vasquez and Herrera numbered this specific Interrogatory as Interrogatory No. 8. For the purposes of this Opinion, I will only reference the Interrogatory to Defendant Avance as the Interrogatories are identical in substance.

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 37(a) "authorizes the basic motion for enforcing discovery obligations." Charles Alan Wright, et al., 8B Fed. Prac. & Proc. Civ. § 2285 (3d ed. 1998). Where a party fails to answer a request for production of documents or an interrogatory, the Rule allows the opposing party to move for an order compelling an answer. Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv). The moving party must certify in the motion that it has conferred, or attempted to confer, in good faith with opposing counsel in an effort to obtain the desired material without court involvement. Fed. R. Civ. P. 37(a)(1). District courts enjoy substantial discretion in managing discovery, including granting or denying motions to compel. *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Virginia, Inc.*, 43 F.3d 922, 929 (4th Cir. 1995).

**DISCUSSION**

As discussed above, although the parties dispute several of Defendants' responses to Plaintiff's Requests for the Production of Documents and Interrogatories, at base, the Motion to Compel raises three issues: 1) whether Defendants have sufficiently objected to Plaintiff's requests; 2) whether Defendants may limit their responses to only those transactions discussed in the Complaint and those communications that have occurred since Plaintiff filed the Complaint; and 3) whether Plaintiff's discovery requests are overly broad given the scope of the case.

Regarding Plaintiff's Requests for Production of Documents and Interrogatories, the Court must review the requests under the relevancy and proportionality standards set forth in Federal Rule of Civil Procedure 26(b). *Crete Carrier Corp. v. Sullivan and Sons, Inc.*, No. ELH-21-0328, 2022 WL 1203652, at *13 (D. Md. Apr. 21, 2022). Pursuant to Fed. R. Civ. P. 26(b)(1):

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative

> access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

To the extent that a plaintiff seeks electronically stored information, Rule 26 provides additional guidance to the parties and the Court:

> A party need not provide discovery of electronically stored information from sources that the party identifies as not reasonably accessible because of undue burden or cost. On a motion to compel discovery or for a protective order, the party from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

Fed. R. Civ. P. 26(b)(2)(B).

## I.   Defendants Have Failed to Object to Plaintiff's Discovery Requests with Sufficient Particularity.

As noted above, the dispute between the parties regarding the scope of the Requests for Production is relatively straightforward. Plaintiff, generally, has requested all documents and all communications between Defendants and any party so long as they "concern[] the allegations in the Complaint[.]" ECF No. 20 at 2-4. Defendants have responded that the requests are overly broad and disproportionate to the needs of the case, but have not provided any further detail regarding the burden the requests impose. *Id.* Likewise, the Interrogatories in dispute generally request descriptions of all communications Defendants have had concerning the allegations in the Complaint with any party. *Id.* at 4. Defendants respond with the same objections regarding burden and scope given in response to the Requests for Production in dispute. *Id.*

Rule 33(b)(4), which pertains to interrogatories, requires that all grounds for objections to interrogatories be stated with specificity and that any ground not so stated in a timely objection is waived unless excused by the Court for good cause.  Fed. R. Civ. P. 33(b)(4); *see   Thompson v. U.S. Dep't of Hous. & Urban Dev.*, 199 F.R.D. 168, 173 (D. Md. 2001) ("unparticularized claims of burden or expense . . . will not suffice"); *Marens v. Carrabba's Italian Grill, Inc.*, 196 F.R.D. 35, 38–39 (D. Md. 2000) ("with respect to assertions of unreasonable burden or expense, as well as privilege as a basis to refuse requested discovery, [Rule 26] impose[s] an affirmative duty on the objecting party to particularize with facts, not conclusory statements, the basis for these objections.").

Although there is no similar provision in Rule 34 governing requests for the production of documents, the Rule has been interpreted similarly.  This Court has held that "implicit within Rule 34 is the requirement that objections to document production requests must be stated with particularity in a timely answer, and that a failure to do so may constitute a waiver of grounds not properly raised, including privilege or work product immunity, unless the court excuses this failure for good cause shown."  *Hall v. Sullivan*, 231 F.R.D. 468, 474 (D. Md. 2005).  As Judge Grimm, in *Hall*, explained:

> there are strong policy reasons favoring a requirement that a party raise all existing objections to document production requests with particularity and at the time of answering the request, so that counsel may meet and confer once to try to resolve the objections and, if unsuccessful, present the dispute to the court for prompt resolution. No benefit is achieved by allowing piecemeal objections to producing requested discovery, as this adds unnecessary expense to the parties and unjustified burden on the court.

*Id*. at 473.

For these reasons, as this Court has noted, failure to state an objection with particularity in response to an interrogatory or a request for production of documents may result in a waiver of

that objection. *Id.* (citing *Perry v. Golub*, 74 F.R.D. 360, 363 (N.D. Ala. 1976) ("It is clear that the defendants' failure to file timely objections to the Request for Production constituted a waiver of the objections . . . . Similarly, the defendants' protective order motion does not alter the situation, since Rule 34 required that the point be raised by timely objections"); *Krewson v. City of Quincy*, 120 F.R.D. 6, 7 (D. Mass. 1988) ("I rule that all of the objections have been waived.  If a party fails to file timely objections to document requests, such a failure constitutes a waiver of any objections which a party might have to the requests . . . . 'Any other result would . . . . completely frustrate the time limits contained in the Federal Rules and give a license to litigants to ignore the time limits for discovery without any adverse consequences'" (internal citations omitted); *Scaturro v. Warren and Sweat Mfg. Co., Inc.*, 160 F.R.D. 44, 46 (M.D. Pa. 1995) ("However, with respect to the question of waiver, if the responding party fails to make a timely objection, or fails to state the reason for an objection, he may be held to have waived any or all of his objections.  However, Rule 34 does not by its terms provide that objections will be deemed waived; rather, a waiver appears to be more in the nature of a sanction for more egregious conduct . . . ." (internal citations omitted); and *Phillips v. Dallas Carriers Corp.*, 133 F.R.D. 475, 477 (M.D.N.C. 1990) ("It is well settled that the failure to make a timely objection in response to a Rule 34 request results in waiver" (internal citations omitted))).

As Plaintiff notes, Defendants have objected to the contested Requests and Interrogatories by simply stating that the requests are overly broad and not proportionally tailored to the needs of the case.  This Court has previously found that objections so phrased are insufficiently particular boilerplate objections.  *See D.J.'s Diamond Imports, LLC v. Brown*, No. WMN–11–2027, 2013 WL 1345082, at *7 (D. Md. Apr. 1, 2013) (concluding an objection was insufficiently particular where it stated: "This request is overly broad and irrelevant for purposes of the remaining limited

claim in this litigation.  Information contained in the federal [and state] tax returns is irrelevant and not likely to lead to any relevant or admissible evidence.").

However, a Court may excuse the failure to state an objection with particularity if doing so would be supported by "good cause."  *Hall*, 231 F.R.D. at 474.  Whether good cause exists may depend on:

> (1) the length of the delay or failure to particularize; (2) the reason for the delay or failure to particularize; (3) whether there was any dilatory or bad faith action on the part of the party that failed to raise the objection properly; (4) whether the party seeking discovery has been prejudiced by the failure; (5) whether the document production request was properly framed and not excessively burdensome; and (6) whether waiver would impose an excessively harsh result on the defaulting party.

*Id*.  I find that concluding that Defendants have waived the opportunity to object to the contested requests would be improper in the context of this case, at this point, for two reasons.  First, the parties recently agreed to an extension of the period for fact discovery, such that discovery is now set to close on November 28, 2022.  ECF No. 31.  Accordingly, ample time remains for Defendants to file amended objections and produce additional documents.  Second, as discussed below, although I disagree that Defendants may limit their responses to documents related to only those transactions discussed in the Complaint or communications occurring after Plaintiff filed the Complaint, the wide scope of the requests is arguably apparent from the face of the requests.  As noted below, Plaintiff demands information related to "all allegations in the Complaint" without any effort to either limit the individuals to which the request applies, identify the specific subject matters at issue, or provide search terms Defendants may use when collecting relevant communications.  In sum, given the breadth of the requests and the time remaining before discovery closes in this case, I find that good cause exists to allow Defendants to supplement their objections.  Nonetheless, finding that good cause exists does not mean that the objections, as stated,

are proper.  Accordingly, within fourteen days of this Order, Defendants shall respond to the contested requests with any objections they continue to maintain stating such objections with particularity.

## II.    Defendants May Not Limit Their Discovery Production to the Transactions Specifically Discussed in the Complaint or to Communications That Occurred After Plaintiff Filed the Complaint.

The parties also contest in their filings whether Defendants may properly limit their production to documents related to the transactions specifically discussed in the Complaint and similarly limit their interrogatory responses to communications that occurred after Plaintiff filed its Complaint.  It is axiomatic that the scope of discovery is guided by the allegations in the Complaint.  Fed. R. Civ. P. 26(b)(1) (requiring the scope of discovery to be "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."); *see e.g. Eshelman v. Puma Biotechnology, Inc.,* No. 7:16-CV-18-D, 2018 WL 1702773, at *4 (E.D.N.C. Apr. 6, 2018) ("Because the complaint and its claims determine relevancy with respect to discovery, and Plaintiff pleaded pecuniary harm with specificity, the court finds that discovery related to Plaintiff's financial information is relevant."); *United States v. Pritchett*, No. 5:09-CV-322-F, 2010 WL 4484647 (E.D.N.C. Oct. 29, 2010) (finding certain requests for discovery within the scope of discovery based on the allegations in the complaint).  As noted above, Plaintiff's Complaint, although it explicitly discusses five specific transactions, does not limit its allegations or the relief it seeks to merely those instances. Rather, the Complaint explicitly states that "Doma expects to receive additional claims arising out of real estate transactions handled by Avance."  ECF No. 1, at 6.  Further, Plaintiff notes that

12

"Doma requested that all books and records, including all title policies and commitments of Avance, be made available for inspection by Doma, and further that all funds of Avance be frozen pending the investigation by Doma." *Id.* at 7.  Accordingly, the allegations in the Complaint extend well beyond the five specific transactions which Defendants have agreed to provide discovery about.

Likewise, as with their response to Plaintiff's Requests for Production, Defendants may not limit their Interrogatory responses to merely those communications that occurred after Plaintiff filed the Complaint.  The allegations in Plaintiff's Complaint focus largely on matters that occurred before the Complaint was filed.  *See id.* at 5-7 (alleging Defendants violated the Agreement's terms in various ways).  Accordingly, I see no basis in the Complaint or in Defendants' filing to limit their Interrogatory responses as they propose.

### III.    Plaintiff May Need to Provide Further Clarity Regarding the Scope of the Disputed Requests.

However, merely because information is relevant does not mean it must be produced. Under the Federal Rules of Civil Procedure, I must balance the relevance of the information requested against the burden the production imposes on the Defendants.  *Belcher v. Bassett Furniture Indus., Inc.*, 588 F.2d 904, 908 (4th Cir. 1978).  Although it is unclear from Defendants' current responses the specific burden that the Requests and Interrogatories impose, based on the potential scope of the contested Requests and Interrogatories, it is possible to foresee potential issues that may arise.  Though it is not the role of the Court to forecast Defendants' specific objections, I have some concerns with the fact that Plaintiff's requests as currently worded, in essence, ask for all documents related to, and descriptions of all communications Defendants have had with any person or party related to "allegations in the Complaint," while providing no further clarification regarding, for example, individuals whose emails should be searched, topics or types

13

of transactions that should be focused on, or terms that should be used when conducting searches of communications.   Courts have held that requests similar to those in dispute, when left unnarrowed and unspecified, may be overbroad.   *Blades of Green, Inc. v. Go Green Lawn and Pest, LLC*, 2022 WL 326473, at *10-11 (D. Md. Feb. 3, 2022) ("This Court will, accordingly deny as overbroad the following requests: Request 1: All communications between and among Defendants regarding or related to any aspect of Plaintiff's business.").

The potential burden of the requests may be heightened by the fact that Plaintiff issued Interrogatories which ask Defendants to describe many of the same communications that are subject to the Requests for Production.   For example, RFP No. 13 seemingly encompasses all communications discussed in the disputed Interrogatories.   In addition to potentially being repetitive, interrogatories which ask a party to provide lengthy recitations of evidence readily available in document form may be more properly demanded through a request for production.

All this said, it is possible that given the time-period applicable to the Requests and Interrogatories in dispute, Defendants' means of storing such communications and Defendants' ability and ease in producing them, the requests may not be sufficiently burdensome.   Ultimately, there is not adequate information before the Court to determine whether Plaintiff must further narrow its request, but each of the factors discussed are relevant considerations for the Court, as well as the parties, in determining the burden of a discovery request.

Accordingly, upon receiving Defendants' revised responses, Plaintiff shall consider whether revised Requests, limited in time or scope; or the provision of specific search terms and topics and/or custodians whose communications are to be searched, would serve the purposes of this case while reducing the burden on the producing parties.   Within two weeks of receiving the revised objections from Defendants, Plaintiff shall, if it deems appropriate, submit either revised

requests to, or additional topics or terms related to the disputed Requests, to the Defendants, who then shall supplement their previous responses within thirty days. Plaintiff may, likewise, consider if the Interrogatories should be narrowed in light of any overlap between the Interrogatories and Requests in dispute. If the parties need further guidance as to whether: 1) Defendants' revised objections are sufficiently particular; 2) whether revised requests are appropriate in light of Defendants' revised objections; 3) the scope or shape of the revised requests that would be proportionate to the needs of the case given the burden on the Defendants; 4) whether the Requests and Interrogatories that remain in dispute are duplicative; or 5) the timing for any future production of documents, they may return to the Court.

## CONCLUSION

Accordingly, for the reasons stated above, Plaintiff's Motion to Compel is GRANTED, in part, and DENIED, in part. Within fourteen days of the date of this Order, Defendants shall provide amended responses to Plaintiff's Requests for Production and Interrogatories, stating any objections, with particularity, that they continue to maintain. Defendants may not limit their responses to only those documents or communications related to transactions discussed specifically in the Complaint, or to those communications that have occurred since Plaintiff filed the Complaint. Upon receiving these amended responses, Plaintiff shall consider whether narrowed or more specific Requests for Production and Interrogatories are appropriate in light of the discussion above. Defendants shall respond to the Requests and Interrogatories, either as originally stated or narrowed, within thirty days of the submission of any revised requests or Plaintiff's affirmation that they will demand responses to the requests as originally stated, without any further limitation or clarification. If the parties are unable to reach a resolution as to whether

amended requests or interrogatories are needed, or any other matter identified above, they may

return to this Court for resolution.

So ordered.

Date: July 11, 2022 _____/s/_____

Ajmel A. Quereshi
U.S. Magistrate Judge

16